### JENNIE WILLIAMSON

*v.*

### MAHLON Fox and others.

F. gave a mortgage to W., who assigned it to J. and E. While J. and E. owned it, F. purchased of the payee a note made by E. F. sold the premises to P., on February 28th, 1878, deducting the amount of the note from the mortgage, as part of the purchase-money. E. assigned her interest in the mortgage, on April 11th, 1878, to J. On foreclosure by J., and prayer for deficiency against F.,—*Held*, that neither F. nor P. was entitled to set off the amount of the note against the mortgage.

Bill to foreclose. On final hearing on bill and answers of Mahlon Fox and Peter R. Williamson, and agreement of counsel that cause be heard on bill and answers and briefs.

*Mr. P. W. Cross*, for complainant.

*Mr. M. Wyckoff*, for answering defendants.

THE CHANCELLOR.

The mortgage in suit was given by Mahlon Fox to Catherine Williamson. He subsequently, on the 28th of February, 1878, conveyed the mortgaged premises (except a part which had been previously conveyed away and released from the mortgage) to Peter R. Williamson, who now owns them. Catherine Williamson assigned the mortgage, on August 15th, 1876, to her daughters Jennie (the complainant) and Electa. Electa assigned her interest in the mortgage to the complainant, on the 11th of April, 1878. While Fox was the owner of the premises, he, on the 8th of April, 1877, purchased from Martin Wyckoff a promissory note for $100, made by Electa, dated November 4th, 1872, and payable one day after date, and it was then endorsed by Mr. Wyckoff to him, accordingly. Electa was then an equal

Williamson *v.* Fox.

owner of the mortgage with her sister, the complainant. When Fox sold to Peter R. Williamson, he represented that there was due on the mortgage, of principal money, only $472, claiming credit on the mortgage for the amount of the note, and Williamson paid the rest of the purchase-money. Fox says he is insolvent, and alleges that Electa is so, also.

Fox and Peter R. Williamson insist that they have a right to offset the amount due on the note against so much of the money due on the mortgage, and the former also insists that, in making up the amount of any decree for deficiency against him, he is, at all events (the decree for deficiency being personal, and·in respect of his liability on the bond), entitled to the offset. On this latter point it is enough to say that the bill does not specifically pray a decree for deficiency against him, and, therefore, under the statute and the 38th rule of this court, there can be none. It is thoroughly established in this court that, in a suit for foreclosure, the mortgagor or his assigns will not be permitted to set off any demand against the mortgage debt, except payment, which operates as a release of the encumbrance *pro tanto*, or an agreement that the sum proposed to be set off should be received and credited as payment. *Adm'r of White* v. *Williams,* 1 *Gr. Ch.* 376; *Dolman* v. *Cook,* 1 *McCart.* 56; *Bird* v. *Davis, Id.* 467; *Williams* v. *Doran,* 8 *C. E. Gr.* 365; *Dudley* v. *Bergen, Id.* 397.

In this case it is not claimed that there was any agreement that the amount of the note should be allowed on account of the mortgage debt. Indeed, it appears that the note was purchased by Fox long after it was due, and entirely of his own accord, and with a view to offsetting it against so much of Electa's interest in the mortgage. It is not a debt contracted by her with him, but one which he obtained by purchase. It is urged by defendants' counsel that the complainant became the assignee of Electa's interest in the mortgage in order to defeat Fox's offset. But, in the first place, the answers by no means show that that was

the reason for the assignment, and, in the next place, if Electa had not assigned, and were herself prosecuting the foreclosure with her sister, the note, according to the authorities cited, could not be offset against her interest in the mortgage in the suit. The principles of set-off do not apply to suits for foreclosure. It is insisted, also, that the fact that Electa and Fox are both insolvent, will, of itself, induce this court to allow the offset. But the reason on which the cases above cited are founded is not affected by the consideration of insolvency. That reason is, that the proceeding is *in rem* and not *in personam.* And again, the claim is a separate debt, while, if Electa were still owner of the mortgage, with her sister, the mortgage debt claim is joint, and the offset must, on that ground, in this case be denied. *Robbins* v. *McKnight,* 1 *Hal. Ch.* 642. In that case, though the court did not decide the question whether insolvency would be good reason in equity for allowing the offsetting of a separate debt against a joint one, they appear to have been inclined to the opinion that it would not. The suit, however, was not for foreclosure, but for specific performance of a contract.

There will be a decree for complainant, in accordance with these views.